Stephen B. Morris (SBN 126192)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

Edward D. Robertson, Jr. (MO SBN 27183)
Mary D. Winter (MO SBN 38328)
Anthony L. DeWitt (MO SBN 41612)
**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
715 Swifts Highway
Jefferson City, MO 65109
Tel: (573) 659-4454
Fax: (573) 659-4460

Harry Huge (D.C. SBN 55640)
Theodore Huge (SC SBN 36026)
**THE HUGE LAW FIRM LLC**
1080 Wisconsin Ave, N.W., Suite 3016
Washington, D.C. 20007
Tel: (202) 965-4672

Attorneys for Plaintiffs

FILED
2010 FEB -3 PM 2:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMON, KARL SIMONSEN and CHRISTOPHER JACOBS, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY, LLC, a Delaware limited liability company conducting business in the State of California, and Does 1 to 10.<br><br>Defendants. | CASE NO. CV10 0791 (JEMx)<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT and**<br>2. **VIOLATION OF CALIFORNIA B&P CODE §17200**<br><br><u>**CLASS ACTION**</u><br><br>**DEMAND FOR A JURY TRIAL** |

This class action is brought on behalf of AT&T MOBILITY, LLC ("AT&T") customers who purchased internet access through AT&T. All allegations in this

Simon, et al. v. AT&T Mobility     1                                   Complaint



Complaint are based upon information and belief except for those allegations which pertain to the Plaintiffs named herein, JOHN SIMON ("SIMON"), KARL SIMONSEN ("SIMONSEN") and CHRISTOPHER JACOBS ("JACOBS") (collectively hereinafter "PLAINTIFFS"), and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PRELIMINARY STATEMENT

1. This is an action for unlawful collection of taxes/fees for internet access and the recovery of damages brought by Plaintiffs on behalf of themselves and other similarly situated consumers of the Defendant in California.

2. Plaintiffs allege that the unlawful collection of taxes/fees for internet access at issue arose out of a policy and practice of Defendant's applicable to other, similarly situated consumers. Plaintiffs seek money damages to redress these violations of law.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1332 (diversity of citizenship).

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court because the injuries to one or more of the persons complaining herein occurred in the County of Los Angeles, California.

## PARTIES

5. Plaintiffs allege that at all material times mentioned herein, they are and were:

    (a) Individuals who currently reside in the State of California (SIMON in Long Beach, California, SIMONSEN in San Jose, California and JACOB in Los Angeles, California);

    (b) Individual customers of AT&T;

    (c) Charged tax on internet access; and

    (d) Are members of the CLASS as defined in this Complaint.

6. PLAINTIFFS are informed and believe, and allege upon information and belief, that AT&T, at all times during the Class Period was:

    (a) A specialty retailer with its main office located in the State of Georgia and conducting business throughout the United States and in the County of Los Angeles in the State of California;

    (b) A seller of wireless data plans to consumers and businesses by contract on a monthly payment plan; and

    (c) Charged its customers taxes on internet access to all members of the CLASS.

7. PLAINTIFFS seek to bring their claims on behalf of all AT&T customers, past and present, who contracted for internet access with Defendant and were charged fees and/or taxes, including but not limited to a City Utilities Users Tax, based upon the cost of internet access during the Claims Period" and will further represent any such individuals who have additional timely claims arising from taxes on internet access by Defendant.

## REPRESENTATIVE CLASS ALLEGATIONS

8. This action is thus brought, and may properly be maintained, as a class action pursuant to Rule 23 of the F.R.C.P. Plaintiffs bring this action on behalf of themselves and on behalf of a Class of all others similarly situated who, within four (4) years prior to the date of filing of this action, entered into a contract with AT&T for the provision of internet access through a "smart phone" or a wireless data card.

9. The class is so numerous that joinder of all members is impractible.

10. PLAINTIFFS are adequate representatives of the proposed representative CLASS hereunder, because:

    (a) Their claims are typical of those of other persons in the represented CLASS;

    (b) They are represented by competent counsel with experience in related litigation; and

    (c) Defendant acted on grounds common to all members of the represented CLASS.

11. Alleged questions common to the CLASS are set forth in detail below.

12. Common questions of fact and law arise primarily from Defendant's obligations under the Internet Tax Freedom Act (the "ITFA"). Those questions include, but are not limited to:

- whether AT&T charged Plaintiff and the Class fees and taxes based upon the cost of internet access in violation of the Internet Tax Freedom Act;
- whether AT&T's actions violated California law;
- whether AT&T has been unjustly enriched by its retention of a portion of the tax;
- whether AT&T should be enjoined from collecting fees and taxes based upon the cost of internet access;

- whether AT&T should be required to seek a refund of the fees and taxes paid in California and to return any refund to Plaintiffs and the members of the Class.

13. There is little need for individual represented CLASS members to individually control their claims as the issues are common to all persons and involve common issues of fact and law.

14. No serious difficulties are anticipated in the administration of this matter as a representative action.

## FACTS

15. DEFENDANT sells wireless data plans to consumers and businesses by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called "smart phone" such as an iPhone, a Blackberry, or a similar device.

16. AT&T's wireless data plans are sold to owners of "smart phones" or via data cards. AT&T bills for internet access with a separate line item on the AT&T monthly bill in varying amounts depending on the type of access contracted for. Plaintiffs have such a plan and pay AT&T monthly.

17. In 1996 the United States Congress passed, and the President approved, the Internet Tax Freedom Act (the "ITFA"). The ITFA, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing fees and taxes on internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: ... (1) Taxes on Internet access."

18. Under the ITFA the phrase "internet access" means "a service that enables users to connect to the Internet to access content, information, or other

services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold.-- (I) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]"

19. Despite the prohibition on taxation of internet access enacted by the ITFA, DEFENDANT charges its California customers fees and taxes, including a City Utilities Users Tax, based upon, in part, the cost of internet access.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

20. PLAINTIFFS incorporate by reference the preceding allegations of this Complaint as though set forth here in their entirety.

21. AT&T and PLAINTIFFS entered into written contracts.

22. The written contracts were form contracts used by AT&T with all its customers similarly situated to PLAINTIFFS.

23. The contracts between AT&T and PLAINTIFFS permit AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge PLAINTIFFS for all applicable and legally due federal, state and local fees and/or taxes.

24. The contracts do not permit AT&T to charge for fees and taxes that may not be calculated or billed based upon the cost of internet access. Nevertheless, PLAINTIFFS have been required to pay these unlawful charges.

25. Despite the prohibition on state and local fees and taxes imposed by the Internet Tax Freedom Act, AT&T charged PLAINTIFFS fees and/or taxes based upon the cost of their internet access.

26. In doing the acts complained of herein, AT&T breached its contractual

obligations to PLAINTIFFS and the putative Class causing them damages in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

(Violation of Business and Professions Code, §17200 *et seq.*,)

27. PLAINTIFFS incorporate by reference the preceding allegations of this Complaint as though set forth here in their entirety.

28. By collecting charges that are unlawful, deceptive and/or unfair, as alleged herein, AT&T violated Business and Professions Code § 17200, *et seq.* causing actual injury to PLAINTIFFS and each member of the Class.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For money damages;
2. For attorney fees;
3. For prejudgment interest as allowed by law;
4. For costs of suit incurred herein; and
5. For such other relief as the Court deems just and proper.

### ON THE SECOND CAUSE OF ACTION

1. For disgorgement by Defendant of all amounts that have been obtained in connection with any of the deceptive, unfair and/or unlawful business practices alleged herein;

2. For restitution according to proof;
3. For attorney fees;
4. For prejudgment interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other relief as the Court deems just and proper.

Dated:     January 21, 2010                    MORRIS AND ASSOCIATES


                                          by: *[signature]*
                                               Stephen B. Morris
                                               Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 791 MMM (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephen B. Morris
MORRIS AND ASSOCIATES
444 West C Street, Ste 300
San Diego, CA 92101
Tel: (619) 239-1300

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMON, KARL SIMONSEN and CHRISTOPHER JACOBS, on behalf of themselves and all persons similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>AT&T MOBILITY, LLC, a Delaware limited liablilty company conducting business in the State of California, and Does 1 to 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 0791 MMM (JEMx)**<br><br>SUMMONS |

TO: DEFENDANT(S): AT&T MOBILITY, LLC

   A lawsuit has been filed against you.

   Within __20__ TM days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen Morris_____, whose address is _444 West C Street, Ste 300, San Diego, CA 92101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                     Clerk, U.S. District Court

         FEB - 3 2010                **CHRISTOPHER POWERS**

Dated: _____    By: _____
                                           Deputy Clerk

                                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    **SUMMONS**